IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GLENN RODGER MCGUIRE,<br><br>Defendant. | Case No. 4:12-cr-119 |

**OPINION & ORDER**

Defendant Glenn Rodger McGuire asks this Court to issue a non-binding recommendation to the Federal Bureau of Prisons to place him in a residential reentry center (RRC) for up to 12 months. ECF No. 31. The government opposes the request. ECF No. 34. Though the Court acknowledges the defendant's significant rehabilitative efforts, the motion will be **DENIED.**

**I.     BACKGROUND**

The defendant pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). ECF No. 16. On May 9, 2013, the Honorable Henry C. Morgan, Jr. sentenced the defendant to 188 months of imprisonment and a supervised release term of life. ECF No. 27. The defendant filed this motion for a non-binding recommendation on May 12, 2025. ECF No. 31. His projected release date, according to BOP, is April 21, 2026.[1]

---

[1] Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Aug. 27, 2025).

The defendant avers that his request should be granted because he has gone 12 years without any infractions, has spent 11 years as a suicide companion, has been actively employed for 11 years, has completed non-residential drug abuse treatment, and will be unhoused upon release. ECF No. 31 at 3. The government argues that the Court should deny the motion because BOP is in the best position to determine the defendant's placement. ECF No. 34 at 8. The government also claims that the seriousness of the offense and the defendant's failure to provide an appropriate post-incarceration plan counsel against relief. *Id.*

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3621(b)(4), in designating the place of incarceration, BOP may consider, among other factors, "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). The Fourth Circuit has not specifically determined whether *post-sentencing* motions under 18 U.S.C. § 3621(b)(4) are appropriate, and "[f]ederal district courts throughout the country have differed in their decisions as to 'whether a district court can make imprisonment placement recommendations on a [d]efendant's post-sentencing motion.'" *United States v. Patterson*, No. 2:00-cr-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019) (quoting *United States v. Ferguson*, No. 6:16-cr-707, 2018 WL 5095149, at *2 (D.S.C. Oct. 18, 2018)) (emphasis removed).

In the absence of Fourth Circuit guidance, this Court, after reviewing the text of 18 U.S.C. § 3621 and the requirements of 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, joins the majority position: "Because such a recommendation is advisory only, it does

not run afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and because 18 U.S.C. § 3621(b) directs the BOP to consider any statement by the court that imposed the sentence—not just statements made at the time of sentencing—the court may issue such a recommendation later." *Patterson*, 2019 WL 127962, at *2 (internal citations omitted).

The Fourth Circuit has also not decided what factors courts should consider when evaluating requests for a non-binding judicial recommendation for RRC placement. However, district courts have considered a number of different factors, such as the government's position, the defendant's incarceration record and post-release plan, and successful participation in appropriate BOP classes and programs. *See, e.g.*, *Patterson*, 2019 WL 127962, at *2. And ultimately, though courts *may* make such recommendations, there is no doubt that "BOP is in a superior position to make these types of placement decisions . . . ." *United States v. Sommers*, No. 3:15-cr-10, 2022 WL 5225934, at *2 (W.D. Va. Oct. 5, 2022) (quotation marks and citation omitted).

The Court has reviewed the record of rehabilitative efforts the defendant has submitted. Those efforts are substantial, and the defendant should be commended for his hard work. And while nothing in this Court's Opinion & Order should be taken to minimize the positive steps the defendant has taken, it is very concerning to the Court that, given the nature of his underlying offense, the defendant has not participated

in any sex offender treatment programs.[2] That fact, coupled with the government's opposition to the motion, suggests to the Court that it is best to leave this decision in BOP's hands. When the defendant is eligible for BOP consideration for RRC placement, the Court expects BOP to consider the defendant's other significant rehabilitative efforts and his housing concerns and evaluate those against the lack of sex offender treatment that has occurred to date.

## IV.   CONCLUSION

Defendant Glenn Rodger McGuire's Motion for Non-Binding Judicial Recommendation (ECF No. 31) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the defendant and to the Federal Bureau of Prisons.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
August 27, 2025

---

[2] Though the government maintains that the seriousness of the defendant's offense warrants denial of his motion (ECF No. 34 at 8), it does not appear that any court has considered the seriousness of the offense in this context. And this Court declines to do so, too. Nevertheless, in evaluating the defendant's rehabilitative efforts, the Court concludes that participation in specific rehabilitative programming geared towards the defendant's underlying offense is critical to the analysis.